IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re ) | CIV. NO. 06-00440 SOM/LEK |
| ) | |
| UPLAND PARTNERS, a Hawaii ) | (Bankr. Case No. 97-03746) |
| Limited Partnership, ) | |
| ) | |
| Debtor, ) | ORDER AFFIRMING BANKRUPTCY |
| _____ ) | COURT ORDER THAT ENJOINS |
| WILLIAM S. ELLIS JR., ) | WILLIAM ELLIS, JR., FROM |
| ) | FILING ANY PAPER OR APPEARING |
| Appellant, ) | AT ANY HEARING IN THE |
| ) | BANKRUPTCY COURT UNLESS HE |
| vs. ) | FIRST OBTAINS LEAVE OF COURT |
| ) | |
| P.F. THREE PARTNERS, a Hawaii ) | |
| Limited Partnership, ) | |
| ) | |
| Appellee/ ) | |
| Cross-Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD EMERY, Trustee ) | |
| _____ ) | |

ORDER AFFIRMING BANKRUPTCY COURT ORDER THAT ENJOINS WILLIAM ELLIS, JR., FROM FILING ANY PAPER OR APPEARING AT ANY HEARING IN THE BANKRUPTCY COURT UNLESS HE FIRST OBTAINS LEAVE OF COURT

I.      INTRODUCTION.

Bankruptcy Judge Robert J. Faris issued an order to show cause why William S. Ellis, Jr., should not be sanctioned for his meritless and unwarranted conduct throughout the extensive underlying bankruptcy proceeding.  After allowing Ellis to oppose the order to show cause in writing and at a hearing, Judge Faris deemed Ellis a vexatious litigant.  Judge Faris found that Ellis has engaged in a pattern of filing meritless motions and objections.

On March 16, 2006, Judge Faris filed an order prohibiting Ellis and "his agents, servants, employees, and attorneys, and those persons in active concert or participation with them" from "filing any paper in this court or appearing at any hearing in this or any other case, without prior leave of court."  On March 21, 2006, Judge Faris modified this order by requiring "any motion for leave to file a paper . . . [to] include as an exhibit a full copy of the paper that the movant proposes to file."

Ellis and P.F. Three Partners have appealed this injunction.  This court affirms.[1]

II.     BACKGROUND FACTS.

On November 14, 2005, Judge Faris issued an Amended Order Directing William S. Ellis, Jr.[,] to Show Cause Why He Should Not Be Sanctioned ("OSC").  The OSC incorporated by reference the findings of fact that Judge Faris had issued on February 13, 2004 ("February 2004 FoF").  In those findings, Judge Faris found that Ellis had assigned or attempted to assign claims held by Kula Olinda Associates ("KOA"), an entity controlled by Ellis, to a third party without notice to KOA's trial counsel; that Ellis had altered promissory notes by removing rescission language; that Ellis had forced other parties

---

[1]The court affirms the orders without a hearing.  This means that the hearing scheduled for December 11, 2006, is taken off this court's calendar.

to make unnecessary filings and incur needless expenses through filing pleadings and withdrawing them after responses had been filed (at least 16 times from January 1, 2000, through February 2004); that Ellis had caused the underlying bankruptcy proceeding to be one of the most litigious in the history of the district; and that Ellis had taken positions that were obstinate and contrary to the interests of Upland Partners' bankruptcy estate and KOA. February 2004 FoF ¶¶ 4, 5, 12.

The OSC noted that Ellis had objected to virtually every motion in the case and appealed from virtually every adverse decision. The OSC charged Ellis with engaging "in a pattern of filing meritless motions and objections for the improper purposes of indulging in his propensity for recreational litigation and attempting to punish the trustee and his professionals for selling the estate's assets contrary to Mr. Ellis' wishes." Ellis was then ordered to show cause why he should not be sanctioned pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1927, and the Bankruptcy Court's inherent powers. Ellis was placed on notice that an order might be entered precluding him from filing papers in this case and any related adversary proceeding, or that he might only be allowed to file such documents with prior court permission, as well as be subject to other sanctions. OSC at 2-3.

At an earlier hearing regarding the distribution of Upland Partners' assets, Ellis told Judge Faris that, having lost his life savings, he had "nothing to lose" in this case. See Transcript of Proceedings (Aug. 15, 2005) at 12. Ellis further stated: "I believe I'm here because (unintelligible) to persist in this matter. There's never been anybody like me and hopefully nobody like me again. But this is my mission in life. You can slap me around and call me vexatious or whatever." Id.

On March 16, 2006, after conducting a hearing on the OSC on December 12, 2005, Judge Faris issued a Memorandum of Decision Regarding Order to Show Cause. This memorandum detailed Judge Faris's reasoning for enjoining Ellis and "his agents, servants, employees, and attorneys, and those persons in active concert or participation with them" from "filing any paper in this court or appearing at any hearing in this or any other case, without prior leave of court," as well as requiring any enjoined party to submit a copy of any paper that the party proposes to file.

III.    ANALYSIS.

    A.    The OSC Complied With Due Process Requirements.

Ellis argues that he was denied due process because the OSC failed to identify the meritless motions, meritless objections, and unfounded papers that formed the basis for the OSC. Whether Ellis received due process is reviewed de novo.

See In re Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir. 1992) ("The court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."); see also In re Deville, 280 B.R. 483, 492 (B.A.P. 9th Cir. 2002) ("Whether Appellants' due process rights were violated is a question of law, which we review de novo.").

    The fundamental question for due process purposes is whether Ellis received notice that was reasonably calculated under all the circumstances to apprise him of the pendency of the OSC and afford him an opportunity to present objections. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Specifically, to comply with the Due Process Clause, the OSC must have specified the authority for the sanctions, as well as identified the sanctionable conduct. In re Deville, 280 B.R. at 496. Here, the OSC identified Bankruptcy Rule 9011, 28 U.S.C. § 1927, and the Bankruptcy Court's inherent powers as the authority for the sanctions.

    The OSC then sufficiently informed Ellis of the conduct on which the OSC was based. It incorporated by reference the February 2004 FoF, in which Judge Faris had found that Ellis had assigned or attempted to assign claims held by KOA to a third party without notice to KOA's trial counsel; that Ellis had altered promissory notes by removing rescission language; that

Ellis had forced other parties to make unnecessary filings and incur needless expenses though filing pleadings and withdrawing them after responses had been filed (at least 16 times from January 1, 2000, through February 2004); that Ellis had caused the underlying bankruptcy proceeding to be one of the most litigious in the history of the district; and that Ellis had taken positions that were obstinate and contrary to the interests of Upland Partners' bankruptcy estate and KOA.  February 2004 FoF ¶¶ 4, 5, 12.  Contrary to Ellis's assertion on this appeal, the OSC did identify the meritless motions, objections, and papers upon which it was based.

In an argument similar to his due process argument, Ellis contends that the OSC failed to comply with Rule 9011(c)(1)(B) of the Federal Rules of Bankruptcy Procedure because it did not identify the "specific conduct" underlying the OSC.  For the reasons stated above with respect to Ellis's due process argument, the court is not persuaded.

> B.   Judge Faris Did Not Abuse His Discretion in Finding that Ellis was Motivated By Improper Purposes.

Ellis argues that Judge Faris erred in finding that Ellis was motivated by his propensity for recreational litigation and by his desire to punish the trustee and his professionals for selling Upland Partners' assets.  Ellis says that Faris "ignored" his declaration in so finding.  The court reviews this contention

for abuse of discretion.  In re Kimura, 969 F.2d at 810 (the Bankruptcy Court's findings are reviewed for abuse of discretion).

Ellis shows no abuse of discretion.  Although Ellis says that Judge Faris "ignored" his declaration, Judge Faris was certainly aware of it.  See Memorandum of Decision Regarding Order to Show Cause (March 16, 2006) at 1 n.2 ("Mr. Ellis filed . . . a Declaration Responsive to Order to Show Cause (docket no. 3379").  A bankruptcy court abuses its discretion when it applies an erroneous view of law or a clearly erroneous assessment of evidence.  See In re An-Tze Cheng, 308 B.R. 448, 452 (B.A.P. 9th Cir. 2004).  Ellis shows no abuse of discretion in Judge Faris's decision to give the declaration indicating Ellis's subjective motivation no credence, given Judge Faris's years of experience with Ellis's conduct.  Ellis demonstrates no clearly erroneous assessment of the evidence.

    C.   The Bankruptcy Court's Sanction Was Authorized.

Ellis argues that the Bankruptcy Court exceeded the scope of its authority when it enjoined him from filing any papers without court approval.  The court reviews the imposition of sanctions under the abuse of discretion standard.  In re Rainbow Magazine, Inc., 77 F.3d 278, 283 (9th Cir. 1996) ("We review an award of sanctions under an abuse of discretion standard.").

It is unclear whether the Bankruptcy Judge had authority under Rule 9011 to enjoin Ellis from filing papers, Compare In re Reilly, 112 B.R. 1014, 1017 n.3 (B.A.P. 9th Cir. 1990) (indicating that the court was not aware of any authority authorizing a bankruptcy court to enjoin a party from filing pleadings under Rule 9011) with In re Borg, 105 B.R. 56 (Bankr. D. Mont. 1989) (enjoining a Debtor from filing subsequent bankruptcy petitions under Rule 9011). However, Judge Faris certainly had the inherent power to impose such a sanction.[2]

A bankruptcy court possesses the inherent power to sanction "bad faith" or "willful misconduct," even in the absence of express statutory authority to do so. See In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003); In re Rainbow Magazine, 77 F.3d at 284 ("There can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court."). This inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics, although it does not allow the court to impose punitive sanctions. In re Dyer, 322 F.3d at 1196-97 (citing Fink v. Gomez, 239 F.3d 989, 992-93 (9th Cir. 2001)). Before imposing sanctions under its inherent sanctioning authority, a bankruptcy court must make an explicit finding of

---

[2] Judge Faris did not impose the sanction based on § 1927.

bad faith or willful misconduct.  In re Dyer, 322 F.3d at 1196; accord Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991) (courts have the inherent power to sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons").  To do so, the court must determine that the bad faith or willful misconduct at issue consists of something more egregious than mere negligence or recklessness.  In re Dyer, 322 F.3d at 1196.  Injunctions may be imposed in the court's discretion, but only in extreme circumstances, and the scope of the injunction must be narrowly prescribed to fit the abuse that the court seeks to prevent.  In re Reilly, 112 B.R. at 1017.

Judge Faris did not abuse his discretion in imposing the sanction.  His findings described above certainly demonstrate bad faith and/or willful misconduct on the part of Ellis during the course of the underlying bankruptcy proceeding.  There is no valid reason that the bankruptcy of Upland Partners, a debtor with only modest assets, has spawned so much litigation.  This case therefore presents the extreme circumstance in which an injunction against a vexatious litigant filing papers in the underlying bankruptcy proceeding and its related proceedings is authorized to deter such conduct.  Contrary to Ellis's contention, the injunction was not punitive in nature.  The scope of the injunction is narrowly tailored to fit Ellis's past abuses, which Ellis indicated would continue as what he calls his

"life's mission."  The Bankruptcy Court is not prohibiting Ellis from filing meritorious motions, objections, and other papers. The Bankruptcy Court is merely imposing a prefiling requirement. Ellis's right to access the court is therefore preserved.

>           D.   P.F. Three Has Not Been Enjoined From Filing
>                <u>Papers in the Underlying Bankruptcy Case.</u>

Judge Faris enjoined Ellis, "his agents, servants, employees, and attorneys, and those persons in active concert or participation with them" from "filing any paper in this court or appearing at any hearing in this or any other case, without prior leave of court."  Order (March 16, 2006).  P.F. Three has appealed this injunction, arguing that it may be subject to it. P.F. Three lacks standing to make such an appeal.

Nothing in the record establishes that P.F. Three is actually subject to the injunction or faces a realistic possibility that the injunction will be applied to it.  Nothing in the record indicates that P.F. Three is "in active concert or participation" with Ellis or that the Bankruptcy Court believes that such a relationship exists.  P.F. Three says that it is only the assignee of a claim by Ellis, that it is distinct from Ellis, and that it is acting in its own economic self-interest.  <u>See</u> P.F. Three's Opening Brief (Nov. 16, 2006) at 4-5.  It appears that P.F. Three has assigned its claims against Upland Partners' bankruptcy estate to David C. Farmer, <u>see</u> Assignment of Claims (Document Nos. 3553 and 3561), meaning that it is unlikely that

P.F. Three will be filing anything in the underlying bankruptcy proceeding in the future.

The court additionally notes that the injunction does not appear to apply to Farmer, as it does not appear from the current record that Farmer is acting "in active concert or participation" with Ellis.

IV.     CONCLUSION.

The Bankruptcy Court's orders sanctioning Ellis for his conduct and imposing a prefiling requirement are affirmed. The Clerk of Court is directed to enter judgment pursuant to this order and to close this case. The Clerk of Court shall also forward a copy of this order to the Bankruptcy Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 7, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

In re Upland Partners, Civil No. 06-00440 SOM-LEK; ORDER AFFIRMING BANKRUPTCY COURT ORDER THAT ENJOINS WILLIAM ELLIS, JR., FROM FILING ANY PAPER OR APPEARING AT ANY HEARING IN THE BANKRUPTCY COURT UNLESS HE FIRST OBTAINS LEAVE OF COURT